By the Court.
The counter-claim pleaded grew out of the same transaction alleged in the complaint and should have been credited thereon by the plaintiff, in which case the balance would have been thirty-six dollars and thirty-two cents, the amount of the verdict rendered herein. This *188 balance could have been sued for in a justice’s court, and hence the defendant is entitled to the costs, the plaintiff’s recovery being under fifty dollars. Montagu on Set-offs (p. 1), published in 1806, says: “ When there are opposite demands between two persons, and the accounts are connected by originating in the same transaction, the balance is the debt, and is the sum recoverable by suit.” And on page five he adds this note: “ Barker agt. Braham (2 Blackst., 869 ; 3 Wils., 396 ; H. T., 13 G., 111, appendix 8), Blackstone, J., says, £ the courts have been gradually extending this equitable remedy. In the outset of a suit they compel the plaintiff to make a set-off in the affidavit to hold to bail, and will not suffer him to swear to only one side of the account.’ ” The verdict found by the jury was for the balance due in this case, and if the plaintiff had given the defendant the proper credit, instead of suing on “ one side of the account ” only, his attorney would probably have selected the “justices’ court ” as the proper tribunal in which to bring this action.
Under the circumstances the order appealed from must be affirmed, with costs.